UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NASIM GHEBARI, | ) |
|     Plaintiff, | ) |
| v. | ) No. 19-cv-01218 |
| NATIONAL GAS AND ELECTRIC, LLC, and JOHN DOES 1-10, | ) Hon. Robert M. Dow, Jr. |
|     Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT

Defendant, National Gas and Electric, LLC ("NGE"), moves under Fed. R. Civ. P. 56(c) and Local Rule 56.1 for summary judgment on Count I of plaintiff, Nasim Ghebari's ("Ghebari"), Complaint.

## INTRODUCTION

Ghebari's Telephone Consumer Protection Act ("TCPA") claim fails for the simple reason that NGE never called him. Furthermore, none of the automated or pre-recorded calls Ghebari alleges he received could have come from NGE because NGE does not use such methods to contact potential customers.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Ghebari alleges that NGE made at least 67 telephone calls to his cellphone number ending in 0733 while using an automated telephone dialing system ("ATDS") or pre-recorded messages despite his requests to NGE to stop calling him. *See, e.g.*, Compl. at ¶¶ 8, 12, 17, 22, 26, 37, 39. Ghebari further alleges that NGE "most often" called him from 12 different numbers. *Id.* at ¶ 29.

But neither NGE nor its agents have called Ghebari's cellular phone number ending in 0733. Statement of Facts ("SOF") at ¶ 5. Moreover, none of the calls alleged to be made using an ATDS or pre-recorded messages could have been made by NGE or its agents because neither use an ATDS or pre-recorded messages to reach potential customers such as Ghebari. *Id.* at ¶ 8. Finally, NGE did not use any of the telephone numbers alleged in paragraph 29 of the Complaint to call Ghebari's cellphone number ending in 0733, and NGE has no records of Ghebari requesting NGE to stop calling him. *Id.* at ¶¶ 6-7.

## APPLICABLE LEGAL STANDARD AND LAW

### A. Legal Standard On Summary Judgment

Summary judgment should be entered if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). When a motion for summary judgment is made and supported by the movant, the non-moving party may not defeat the motion by merely relying on the contentions of its pleadings, rather, it must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

General denials and conclusory assertions are not sufficient to defeat a motion for summary judgment. *Ab v. Sekendur*, No. 03 C 4723, 2004 WL 2434220, at *6 (N.D. Ill. Oct. 28, 2004). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in the non-movant's

2

favor on a material question, then the court must enter summary judgment against the non-movant. *Waldridge v. American Holchst Corp.*, 24 F.3d 918, 920 (7th Cir.1994).

Further, motions for summary judgment may be made early in the case under the right circumstances. As the Seventh Circuit has stated, "[d]istrict courts may mitigate the expense of litigation by resolving motions for summary judgment early in the case—in advance of discovery, if appropriate, for summary judgment may be sought at any time." *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001) (citing Fed. R. Civ. P. 56); *accord Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994) (the "fact that discovery is not complete—indeed, has not begun—need not defeat the motion. A defendant may move for summary judgment at any time.").

### B. The Telephone Consumer Protection Act

To state a claim under section 227(b) of the TCPA, a plaintiff must allege that the defendant made a call to his cellphone using an ATDS or a pre-recorded message. 47 U.S.C. § 227(b). As defined by the TCPA, an ATDS is a device with the capacity to store or produce telephone numbers, either randomly or sequentially, and to actually dial those numbers. *Id.* § 227(a)(1). Furthermore, the device must have the present, as opposed to merely potential, capacity to function as an ATDS, (*see ACA Int'l v. FCC*, 885 F.3d 687, 695–700 (D.C. Cir. 2018)), as well as the ability to produce numbers using a random or sequential number generator, as opposed to merely dialing numbers from a stored list. *See Johnson v. Yahoo!, Inc.*, 346 F. Supp.

3

3d 1159, 1162 (N.D. Ill. 2018); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 936–40 (N.D. Ill. 2018).

## ARGUMENT

The gravamen of Count I is that NGE violated section 227(b) of the TCPA by calling Ghebari's cellphone number while using an ATDS and/or a pre-recorded message. *See, e.g.*, Compl. at ¶ 36-39.

### A. NGE did not call Ghebari's cellphone number ending in 0733.

Ghebari alleges that NGE made at least 67 telephone calls to his cellphone number ending in 0733 despite his requests to NGE to stop calling him. *See, e.g., Id.* at ¶¶ 8, 12, 17, 22, 26, 37, 39. Ghebari further alleges that NGE "most often" called Ghebari from 12 different numbers. *Id.* at ¶ 29.

NGE has reviewed its records and has determined that neither NGE nor its agents have called Ghebari's cellphone number ending in 0733. SOF at ¶ 5. Moreover, NGE did not use any of the telephone numbers alleged in paragraph 29 of the Complaint to call Ghebari's cellphone number ending in 0733. *Id.* at ¶ 6. Finally, NGE has no records of Ghebari requesting NGE to stop calling him. *Id.* at ¶ 7.

Because NGE did not call Ghebari's cellphone number ending in 0733, his TCPA claim fails as a matter of law.

### B. NGE does not use an ATDS or pre-recorded messages to reach potential customers.

Ghebari alleges that the calls he received utilized an ATDS and/or pre-recorded messages. *See, e.g.*, Compl. at ¶¶ 24, 37, 39. But such calls could not have

4

come from NGE or its agents because neither use an ATDS or pre-recorded messages to reach potential customers. SOF at ¶ 8.

Because NGE does not use an ATDS or pre-recorded messages to reach potential customers, including Ghebari, his TCPA claim fails as a matter of law for this additional reason.

## CONCLUSION

NGE did not call Ghebari's cellphone and does not use an ATDS or pre-recorded messages to reach potential customers such as Ghebari. Accordingly, Ghebari's TCPA claim fails as a matter of law and summary judgment should be entered dismissing Count I.

Dated: June 6, 2019

Respectfully Submitted,

NATURAL GAS AND ELECTRIC, LLC


By: __/s/ John A. Aramanda__
      One of Its Attorneys

E. King Poor
John A. Aramanda
QUARLES & BRADY LLP
300 N. LaSalle St., Ste. 4000
Chicago, IL 60654
(312) 715-5000
king.poor@quarles.com
john.aramanda@quarles.com