# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NASIM GHEBARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-01218 |
| ) | |
| NATIONAL GAS AND ELECTRIC, ) | Hon. Robert M. Dow, Jr. |
| LLC, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Kathryn Guy, submit this declaration in support of defendant National Gas and Electric, LLC's ("NGE") Motion for Summary Judgment, and state the following:

1. I am currently the Sr. Director, Business Operations at NGE. NGE is an alternative retail gas and electric and supplier regulated by the Illinois Commerce Commission and is headquartered in Houston, Texas. As the Sr. Director, Business Operations at NGE, I have knowledge of NGE's telemarketing practices and policies, including knowledge of the technologies used by NGE and its agents, the telephone numbers used by NGE and its agents to contact current and potential customers, and the telephone numbers of current and potential customers that NGE and its agents have dialed in their telemarketing efforts.

2. By virtue of my position as the Sr. Director, Business Operations at NGE, I have direct access to NGE's records (the "business records"). Such business records are routinely made at or near the time of the event of which they are a

record by employees of NGE with knowledge, or, by NGE's telephonic call log. The business records are kept in the course of a regularly conducted business activity and it is the regular practice of that business activity to make such business records. This declaration is based upon my personal review the business records as well as my own personal knowledge of the same based upon my position as Sr. Director, Business Operations at NGE.

3. The complaint alleges that NGE made at least 67 telephone calls to the plaintiff at his number ending in 0733. *See, e.g.*, Complaint at ¶¶ 8, 22. NGE has reviewed its business records as to these allegations. From reviewing those business records, NGE has determined, to the best of its information, that neither NGE nor its agents have called the plaintiff's number ending in 0733.

4. Additionally, the complaint alleges that the plaintiff requested NGE to stop calling him. *See, e.g.*, Complaint at ¶ 17. After an investigation of its business records, NGE has found no record of the plaintiff ever making such a request to NGE.

5. The complaint also alleges that NGE contacted the plaintiff with automated or pre-recorded messages. *See, e.g.*, Complaint at ¶¶ 12, 17, 26, 37, 39. Such automated or pre-recorded could messages could not have come from NGE or its agents, since neither NGE nor its agents use automated or pre-recorded messages to reach potential customers. NGE also has no knowledge of how someone claiming to be NGE may have called the plaintiff.

6. Finally, the complaint alleges that NGE "most often" called from 12 different numbers. Complaint at ¶ 29. Again, after reviewing its business records, NGE has no record of using any of these numbers to call plaintiff's number ending in 0733.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4th, 2019     By: _____
                                    Kathryn Guy